Frank P. Iacono, Jr., E. Greenwich, Anthony E. Angeli, Jr., Providence, for Plaintiff.

Steven E. Asprinio, Warwick, Thomas Grochowski, Woonsocket, for Defendant.

**In re STEVEN D. et al.**

**No. 95–503–Appeal.**

Supreme Court of Rhode Island.

March 29, 1996.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on March 1, 1996, pursuant to an order that directed Mr. & Mrs. D. (the parents) to show cause why the issues raised in their appeals should not be summarily decided. The parents have appealed from a Family Court decree terminating their parental rights to their children, Steven, Robert, and Richard.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the appeals will be decided at this time.

The children were committed to the care, custody, and control of the Rhode Island Department of Children, Youth and Families (DCYF) after the parents admitted facts sufficient to support allegations of neglect with

respect to Robert and Steven. The parents had also admitted that a third child, Richard, was neglected; Richard had been committed to the care, custody, and control of DCYF since the time of his birth. The parents have withdrawn their appeal from the termination of their parental rights to Richard, and he has been adopted by his foster parents.

On April 4, 1994, DCYF filed petitions to terminate the parental rights of the parents on the grounds that:

"1. [T]he parents are unfit by reason of excessive use of drug or alcohol to the extent that the parents loose [*sic*] the ability or are unwilling to properly care for the child.

"2. [T]he parents have a child in the care of a licensed or governmental child placement agency, either voluntarily or involuntarily, for a period of at least six months and that the integration of the child in the home of the parents is improbable in the foreseeable future due to conduct or conditions not likely to change."

On February 3, 1995, the trial justice determined that DCYF had met its burden of proving the allegations in the petition and on March 17, 1995, entered a decree terminating Mr. & Mrs. D.'s parental rights. On March 30, 1995, the mother filed a notice of appeal.[1]

On appeal the parents argued that the trial justice erred in finding (1) that their use of alcohol prevented them from parenting their children at the time the termination petitions were filed and subsequent thereto, (2) that conduct and conditions were unlikely to change in the foreseeable future, and (3) that DCYF had made reasonable efforts to reunify the family. In addition, the mother claimed that DCYF had failed to establish that they were unfit parents.

■ When reviewing a decision involving the termination of parental rights, this Court examines the record to determine whether there is legally competent evidence to support the findings of the trial justice. *In re Crystal A.,* 476 A.2d 1030, 1033 (R.I.1984). Such findings will not be disturbed unless the trial justice overlooked or misconceived ma-

terial evidence or was otherwise clearly wrong. *In re Armand,* 433 A.2d 957, 962 (R.I.1981).

Our review of the record failed to disclose evidence that the parents had achieved any lasting success in their efforts to address their alcohol addiction, despite the considerable assistance of DCYF over the nearly five-year period during which Steven and Robert have been in DCYF custody. During that time, the parents participated in numerous alcohol-treatment programs and at times appeared to make progress in their struggles with alcohol addiction. Time after time, however, the parents either failed to complete their treatment programs or began drinking again, following completion of a program. The trial justice's rejection of the parents' testimony that they were no longer drinking was clearly supported by abundant evidence that the parents were still abusing alcohol at the time of the trial. Consequently, the trial justice properly concluded that although DCYF had made reasonable efforts to reunify this family, the conditions and the conduct that led to the placement of the children in DCYF custody were unlikely to change in the foreseeable future.

■ Therefore, we conclude that sufficient legally competent evidence in the record supported the trial justice's finding that the parents were unfit. Moreover, the trial justice neither misconceived nor overlooked material evidence in reaching his decision to terminate parental rights, nor was his decision otherwise clearly wrong.

Consequently, we deny and dismiss the appeals and affirm the decree of the Family Court to which we return the papers in this case.

SHEA, J., not participating.

---

1. Although no notice of appeal could be located in the record, the attorney for the father stated to the Court at oral argument that a timely notice of appeal had been filed on behalf of his client.